| | |
|---|---|
| 1 | James C. Fessenden (SBN 238663) |
| | E-Mail:  jfessenden@fisherphillips.com |
| 2 | Kevonna J. Ahmad (SBN 324312) |
| | E-Mail:  kahmad@fisherphillips.com |
| 3 | FISHER & PHILLIPS LLP |
| | 4747 Executive Drive, Suite 1000 |
| 4 | San Diego, California 92121 |
| | Telephone: (858) 597-9600 |
| 5 | Facsimile:  (858) 597-9601 |
| 6 | Attorneys for Defendant |
| | THE BRIGANTINE, INC. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER SANDOVAL, ARLYN ANGULO, BRIAN MEDIGOVICH, JASON CASILLAS, JOHNNY ESPINOZA, LUKE FRANCIS JOHNSON, MISAEL ROSALEZ, SALVADOR VALADEZ, SILVIA ALEGRIA and YOLANDA FLORES LANDA, individually and on behalf of Similarly Situated Employee and Aggrieved Employees,<br><br>Plaintiffs,<br><br>v.<br><br>THE BRIGANTINE, INC., a California corporation, and DOES 1-25, inclusive,<br><br>Defendants. | Case No: **'20CV0189 JLS  MSB**<br><br>*[Previously San Diego Superior Court Case No. 37-2019-00063186-CU-OE-CTL before the Honorable Richard E. L. Strauss]*<br><br>**DEFENDANT THE BRIGANTINE, INC.'S PETITION AND NOTICE OF REMOVAL UNDER 28 U.S.C. SECTION 1446**<br><br>State Complaint:    November 26, 2019 |

1

DEF'S PETITION AND NOTICE OF REMOVAL

FP 37001191.1

**TO PLAINTIFFS AND THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant The Brigantine, Inc. ("Defendant") hereby removes the above-referenced action from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California on federal question jurisdiction grounds pursuant to 28 U.S.C. sections 1331, 1367, 1441(a), and 1446. In support of removal, Defendant states as follows:

## I. PROCEDURAL HISTORY

1. On November 26, 2019, Plaintiffs filed a Complaint in the Superior Court of California, County of San Diego entitled *Alexander Sandoval et al. v. The Brigantine, Inc.*, San Diego Superior Court Case No. 37-2019-00063186-CU-OE-CTL ("Complaint"). The Complaint alleges causes of action against Defendant for: (1) violation of the federal WARN Act; (2) violation of California Labor Code §§ 1400 *et seq.*; and (3) the California Private Attorney General Act (PAGA).

2. Defendant was deemed served with the Summons and Complaint on December 30, 2019 via notice of acknowledgment and receipt. (Ahmad Decl., ¶2; Judicial Council Cmt. to Code Civ. Proc., § 415.30 [Service is complete on the date the form is executed if thereafter it is returned to the sender].) A copy of the fully-executed Notice of Acknowledgment and Receipt, as well as the Summons and Complaint are attached hereto as **Exhibit A.**

3. Based on information and belief, there are no other pleadings filed in this matter.

## II. BASIS FOR REMOVAL JURISDICTION

4. Plaintiffs' Complaint is removable based on federal question jurisdiction. Federal question jurisdiction exists and this Court has original jurisdiction over Plaintiffs' Complaint because it alleges claims arising under federal law – specifically, violation of the federal Worker Adjustment and

1  Retraining Act ("WARN"), which is codified at 29 U.S.C. §2100 *et seq.*
2  (Complaint, caption page; p. 1, lines 26 – 28 and p. 3, lines 12 – 28.) "[A]
3  federally created claim for relief is generally a sufficient condition for federal-
4  question jurisdiction." (*Mims v. Arrow Financial Services, LLC* (2012) 565 U.S.
5  368, 377.) Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State
6  court of which the district courts of the United States have original jurisdiction,
7  may be removed by the defendant or the defendants, to the district court of the
8  United States for the district and division embracing the place where such action is
9  pending." This Court therefore has original jurisdiction of the above-entitled
10 action pursuant to 28 U.S.C. § 1331, and removal of the action to this Court is
11 proper pursuant to 28 U.S.C. § 1441.

12        5.    This Court has supplemental jurisdiction over the remaining state law
13 claims. A plaintiff's pleading of claims under state law does not preclude removal
14 of an action involving a federal claim. Rather, the federal claim creates
15 supplemental jurisdiction over the entire action under 28 U.S.C. § 1367, including
16 jurisdiction over non-federal claims and supplemental parties, as long as the state
17 law claims are transactionally related to the federal claim. (*See*, *City of Chicago v.*
18 *International College of Surgeons*, 522 U.S. 156, 165 (1997).)

19        6.    Here, Plaintiffs' state law claim for violation of California's statute
20 governing mass layoffs, relocations or terminations, involves the same facts,
21 occurrences, witnesses, and evidence as their federal claim. Moreover, Plaintiffs'
22 PAGA claim is derivative of their state law claim, and merely serves to permit
23 recovery of civil penalties on behalf of the State of California if Plaintiffs prevail
24 in their suit. (*See, Zackaria v. Wal-Mart Stores, Inc. 142 F.Supp.3d 949, 953* (C.D.
25 Cal. 2015).) Accordingly, Plaintiffs federal and state claims form part of the same
26 case or controversy under Article III of the U.S. Constitution and this commonality
27 is sufficient to satisfy the constitutional minimum required by Section 1367(a).
28 Thus, the Court has supplemental jurisdiction over the entire action pursuant to 28

3

U.S.C. § 1367. (*See, e.g.*, *Palmer v. Hosp. Auth. of Randolph City*, 22 F.3d 1559, 1566 (11th Cir. 1994).)

7. Accordingly, this case may be removed to this Court under 28 U.S.C. sections 1441(a) and 1446.

### III. TIMELINESS OF REMOVAL

8. Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, . . . ." The 30-day period for removal is triggered once service occurs. (*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).)

9. Defendant was deemed served with the complaint on December 30, 2019. (Ahmad Decl., ¶ 2; **Exhibit A**). Defendant files this removal no later than January 29, 2019. This Removal is accordingly timely.

### IV. NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

10. Written notice of this Notice of Removal in the United States District Court for the Southern District of California will be served on Plaintiffs' counsel of record at The Law Offices of Frank S. Clowney III. (Ahmad Decl., ¶ 3). A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached hereto as **Exhibit B** (without exhibits because the exhibit is this Notice). In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of San Diego. A copy of the Notice to State Court of Removal of Action to Federal Court is attached hereto as **Exhibit C** (without exhibits because the exhibit is this Notice).

/ / /
/ / /
/ / /
/ / /
/ / /

1 | Defendant respectfully removes the above-mentioned litigation, now
2 | pending before the Superior Court of California, San Diego County, to this Court
3 | based on federal question jurisdiction.

4 | Dated: January 29, 2020     Respectfully submitted,
5 | FISHER & PHILLIPS LLP

7 | By:   /s/ James C. Fessenden
8 | James C. Fessenden
    | Kevonna J. Ahmad
    | Attorneys for Defendant
9 | THE BRIGANTINE, INC.

# INDEX OF EXHIBITS

Exhibit A, San Diego Superior Court Documents (Fully-Executed Notice of Acknowledgment and Receipt, Complaint, Summons, ADR Package, E-Filing Notice, Notice of Case Assignment and Case Mangement Conference)...... 7-24

Exhibit B, Notice of Removal to Adverse Parties .......................................... 25-28

Exhibit C, Notice of Removal to San Diego Superior Court .......................... 29-32