Frank S. Clowney III (SBN 081694)
**LAW OFFICE OF FRANK S. CLOWNEY III**
600 B Street, Suite 2300
San Diego, California 92101-4598
Telephone: (619) 557-0458
Fax: (619) 557-0482
E-mail: worklaw@sbcglobal.net

Attorney for Plaintiffs Alexander Sandoval, Arlyn Angulo, Brian Medigovich, Jason Casillas, Johnny Espinoza, Luke Francis Johnson, Misael Rosalez, Salvador Valadez, Silvia Alegria and Yolanda Flores Landa

James C. Fessenden (SBN 238663)
  E-Mail: jfessenden@fisherphillips.com
Kevonna J. Ahmad (SBN 324312)
  E-Mail: kahmad@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant The Brigantine, Inc.

IN THE UNITED STATE DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER SANDOVAL, et al., | CASE NO. 20cv189-JLS(MSB) |
| Plaintiffs, | **JOINT MOTION FOR APPROVAL OF SETTLEMENT OF INDIVIDUAL STATUTORY CLAIMS AND PAGA CLAIMS FOR CIVIL PENALTIES** |
| vs. | |
| THE BRIGANTINE, INC., a California corporation, and DOES 1-25, inclusive, | Judge: Hon. Janis L. Sammartino<br>Courtroom: 4D |
| Defendants. | |

Plaintiffs Alexander Sandoval, Arlyn Angulo, Brian Medigovich, Jason Casillas, Johnny Espinoza, Luke Francis Johnson, Misael Rosalez, Salvador Valadez, Silvia Alegria and Yolanda Flores Landa (hereinafter collectively referred to as "Plaintiffs") and Defendant The Brigantine, Inc., jointly referred to as the "Parties," jointly move the Court of its approval of the settlement reached in

1
**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

this case. This motion is brought to satisfy the requirement of California Labor Code § 2699(l)(2) that the court approve any settlement of any civil action where claims for civil penalties have been alleged pursuant to California's Private Attorney General Act ("PAGA").

## I.   PLAINTIFFS' CLAIMS

Plaintiffs filed a complaint in the San Diego Superior Court against their former employer Defendant The Brigantine, Inc. ("Defendant") regarding the termination of Plaintiffs' employment at the Defendant's restaurant named Miguel's Cocina-Eastlake. The Defendant employed the ten plaintiffs at Miguel's Cocina in various positions, including waiters, bartenders, kitchen staff and manager. The Defendant closed Miquel's Cocina-Eastlake on June 20, 2019 and laid off the bulk of the restaurant's employees, including the ten plaintiffs.

The Plaintiffs filed suit in the San Diego Superior Court against the Defendant over the layoffs. Plaintiffs contended that the Defendant was a covered employer under the federal and state statutes commonly known as the WARN Act. [29 U.S.C. §§ 2101 *et seq.* and California Labor §§ 1400 *et seq*] Both versions of the WARN Act govern mass layoffs, facility closings or termination of employees. Employers covered by either version of the WARN Act are required to give sixty days advance notice to their employees of a mass layoff or facility ("plant") closing. WARN provides that an employer shall not close down a plant without giving 60 days' prior notice to "affected employees" or their representatives. [29 USC § 2102(a)] Employers may be liable to their affected employees for up to sixty days' wages upon a finding of a violation of the WARN Act.

The Plaintiffs alleged that the Defendant failed to give any advance notice of the closure of Miguel's Cocina and conducted a mass layoff of its employees. The Plaintiffs alleged that the Defendant was therefore subject to the payment of compensation to its employees as set forth in the WARN Act.

The Plaintiffs further sought to recover civil penalties from the Defendant on

behalf of themselves and the Miguel's Cocina employees who are not part of this lawsuit to California's Private Attorney General Act ("PAGA") [Labor Code § 2699 *et seq.*}. Plaintiffs alleged violations of Sections 1400, 1401, 1402, 1403, 1404 and 2699 et seq. of the California Labor Code as the basis for the claim for civil penalties.

## II. PROCEDURAL HISTORY

The Defendant removed Plaintiffs' case to the United States District Court. This Court, the Hon. Michael S. Berg Magistrate presiding, conducted an Early Neutral Evaluation Conference that began on July 15, 2020 and continued on August 7 and 31, 2020. The Defendant contended at the initial ENE session that Plaintiffs could not satisfy the jurisdictional requirement of at least fifty (50) laid off employees required to invoke the WARN Act. The Defendant agreed to provide documentation as to the number of laid off employees to Plaintiffs to prove the Defendant's contention. Plaintiffs had the opportunity to review the Defendant's documentation and informally question the sufficiency of the documentation.

## III. PROPOSED SETTLEMENT

Plaintiffs agreed to settle their individual claims at the ENE session conducted on August 31, 2020 for a total of $5,000.00, inclusive of their attorney fees and costs, based on the Defendant's documentation supporting its contention that Plaintiffs could not meet the jurisdictional threshold to invoke the WARN Act. The settlement shall not be construed as any admission whatsoever by Defendant as it relates to the substance of Plaintiffs' claims.

Plaintiffs waived their claims for civil penalties under PAGA for alleged violations of the WARN Act based on the inability to meet the jurisdictional threshold of the WARN Act. The settlement funds are to be distributed as following:

$2,276.15 for attorney fees and costs; and

$2,723.85 to be divided among the ten plaintiffs for their statutory individual claims, an average of $272.38 per plaintiff.

No portion of the settlement has been apportioned to civil penalties under PAGA.

### IV. APPROVAL OF SETTLEMENT

The Parties submit that there is good cause for approving a settlement that does not provide for the payment of civil penalties under PAGA. Plaintiffs agree that they are not "aggrieved employees" for any purpose under the California Labor Code, and specifically PAGA. The claims for civil penalties under PAGA were based on alleged violations of the WARN Act. Plaintiffs would have had difficulty proving the alleged violations of the WARN Act. Given the dollar amount involved, good cause exists for approving the settlement without payment of civil penalties and dismissing the case with prejudice as to the named Plaintiffs only. Said dismissal will be without prejudice as to the unnamed employees putatively represented by Plaintiffs in the Complaint.

Respectfully submitted.

Dated: October 30, 2020        LAW OFFICE OF FRANK S. CLOWNEY III

*//Frank S. Clowney III//*
FRANK S. CLOWNEY III
Attorney for Plaintiffs Alexander Sandoval, Arlyn Angulo, Brian Medigovich, Jason Casillas, Johnny Espinoza, Luke Francis Johnson, Misael Rosalez, Salvador Valadez, Silvia Alegria and Yolanda Flores Landa

Dated: October 30, 2020        FISHER & PHILLIPS, LLP

*//James C. Fessenden//*
JAMES C. FESSENDEN
Attorney for Defendant The Brigantine, Inc.