UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER SANDOVAL; ARLYN ANGULO; BRIAN MEDIGOVICH; JASON CASILLAS; JOHNNY ESPINOZA; LUKE FRANCIS JOHNSON; MISAEL ROSALEZ; SALVADOR VALADEZ; SILVIA ALEGRIA; AND YOLANDA FLORES LANDA; individually and on behalf of similarly situated employees and aggrieved employees,<br><br>                              Plaintiffs,<br><br>v.<br><br>THE BRIGANTINE, INC., a California corporation; and DOES 1–25, inclusive,<br><br>                              Defendants. | Case No.: 20-CV-189 JLS (MSB)<br><br>**ORDER GRANTING JOINT MOTIONS FOR (1) APPROVAL OF SETTLEMENT OF INDIVIDUAL STATUTORY CLAIMS AND PAGA CLAIMS FOR CIVIL PENALTIES, AND (2) DISMISSAL**<br><br>(ECF Nos. 18, 19) |

      Presently before the Court are the Parties' Joint Motion for Approval of Settlement of Individual Statutory Claims and PAGA Claims for Civil Penalties ("Joint Mot. to Approve," ECF No. 18) and Joint Motion for Dismissal ("Joint Mot. to Dismiss," ECF No. 19). Having reviewed the Parties' briefing and the law, the Court **GRANTS** the Joint Motions.

///

On November 26, 2019, named Plaintiffs filed a complaint in San Diego Superior Court, alleging claims based on Defendant The Brigantine, Inc.'s laying them off and closing of Miguel's Cocina-Eastlake, the restaurant where Plaintiffs had formerly worked. *See* Joint Mot. to Approve at 2; *see generally* Complaint ("Compl.," ECF No. 1 Ex. A). Named Plaintiffs asserted causes of action under the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §§ 2101 *et seq.*, and the California equivalent thereof, Cal. Labor Code §§ 1400 *et seq.*; and also sought civil penalties under the California Private Attorney General Act ("PAGA"). *See generally* Compl. On January 29, 2020, Defendant removed to this District. *See generally* ECF No. 1.

Magistrate Judge Michael S. Berg conducted an Early Neutral Evaluation Conference ("ENE") on July 15, 2020, that was continued on August 7 and 31, 2020, resulting in settlement of this litigation. *See* ECF Nos. 9–15. During the ENEs, Defendant contended "that Plaintiffs could not satisfy the jurisdictional requirement of at least fifty (50) laid off employees required to invoke the WARN Act," and provided Plaintiff with documentation of the number of laid off employees to support that contention. Joint Mot. to Approve at 3. Plaintiffs agreed to settle their individual claims for a total of $5,000, inclusive of their attorneys' fees and costs,[1] based on Defendant's documentation. *Id.* Because of their inability to meet the jurisdictional threshold for the WARN Act, "Plaintiffs waived their claims for civil penalties under PAGA." *Id.* Accordingly, "[n]o portion of the settlement has been apportioned to civil penalties under PAGA." *Id.* at 4.

After the ENEs, Magistrate Judge Berg ordered the Parties to file a joint motion for dismissal on or before October 30, 2020. *See* ECF No. 17. On October 30, 2020, in accordance with Magistrate Judge Berg's order, the Parties filed the present Joint Motions. *See* ECF Nos. 18, 19.

///

---

[1] Of the $5,000, $2,276.15 is to go to attorneys' fees and costs, and $2,723.85 is to be allocated among the ten named Plaintiffs for their individual statutory claims, at an average of $272.38 per Plaintiff. *See* Joint Mot. to Approve at 3–4.

The Parties claim "that there is good cause for approving a settlement that does not provide for the payment of civil penalties under PAGA," as "Plaintiffs agree that they are not 'aggrieved employees' for any purpose under the California Labor Code, and specifically PAGA." Joint Mot. to Approve at 4. The PAGA claim "w[as] based on alleged violations of the WARN Act," but, in light of Defendant's evidence, "Plaintiffs would have had difficulty proving the alleged violations of the WARN Act." *Id.* Thus, the Parties assert that the Court should approve the settlement without payment of civil penalties and dismiss the case with prejudice as to the named Plaintiffs only, and without prejudice as to any unnamed employees putatively represented by Plaintiffs. *Id.*

"[T]he 'court shall review and approve any settlement of any civil action filed' under PAGA." *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 253 F. Supp. 3d 1074, 1075 (C.D. Cal. 2017) (quoting Cal. Labor Code § 2699(*l*)(2)). The Parties are clear that this is a settlement of only the individual named Plaintiffs' claims against Defendant, and that any dismissal of claims as to putative class members would be without prejudice. The Parties further note that named Plaintiffs "waived" their PAGA claims in settlement due to PAGA's inapplicability in light of Defendant's evidence; the Parties agree that named Plaintiffs are not "aggrieved employees," and thus it seems unlikely named Plaintiffs would have standing to pursue PAGA civil penalties. *See* Cal. Labor Code §§ 2699(c), (e)(2), (g)(1). Thus, the structuring of the settlement as one solely for payment for named Plaintiffs' statutory individual claims appears fair and reasonable.

"The parties do not cite, and the Court is not aware of any legal authority requiring court approval of individual offers of settlement." *Olivo v. Fresh Harvest, Inc.*, No. 17-CV-02153-L-WVG, 2019 WL 6329227, at *6 (S.D. Cal. Nov. 25, 2019) (footnote omitted). In light of the foregoing, the Court does not believe it necessary or appropriate to engage in a detailed analysis of the fairness and reasonableness of the settlement terms, or the appropriateness of the attorneys' fees. In sum, on the record before it, the Court finds the proposed settlement, without payment of civil penalties under PAGA, "'fair and

///

adequate in view of the purposes and policies of [PAGA].'" *Flores*, 253 F. Supp. 3d at 1077 (quoting *O'Connor v. Uber Techs.*, 201 F. Supp. 3d 1110, 1135 (N.D. Cal. 2016)).

Accordingly, the Court **GRANTS** the Joint Motions (ECF Nos. 18, 19). The Parties' settlement is **APPROVED**. As stipulated by the Parties, the Court **DISMISSES WITH PREJUDICE** named Plaintiffs' claims against Defendant, with each party to bear its own costs and fees incurred in this action. The Court **DISMISSES WITHOUT PREJUDICE** this action as to any unnamed employees putatively represented by Plaintiffs. As this concludes the litigation in this matter, the Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: November 5, 2020

Hon. Janis L. Sammartino
United States District Judge